**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Naomi Demland, *on behalf of herself and all others similarly situated*,<br><br>Plaintiff,<br>v.<br><br>Groomit For Pets, LLC<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff Naomi Demland (hereinafter "Plaintiff"), on behalf of herself and all others similarly situated, brings this Class Action Complaint against Defendant Groomit For Pets, LLC as follows:

## INTRODUCTION

1. Plaintiff brings this class action for damages resulting from the illegal actions of Defendant Groomit For Pets, LLC ("Defendant" or "Groomit"). Defendant placed repeated telemarketing text messages to Plaintiff's telephone – over Plaintiff's request for Defendant to stop – in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"), thereby invading Plaintiff's privacy.

2. Defendant is a New York-based pet grooming business that sells its services via an aggressive telemarketing campaign where it repeatedly sends text messages to telephone numbers that have been placed on the National Do-Not-Call Registry for at least 30 days and over the messaged party's objections in order to sell home sleep tests.

3. Indeed, despite Plaintiff registering her telephone number on the National Do-Not-Call Registry and messaging Groomit "Stop," Groomit continued to place repeated telemarketing

text messages advertising its pet grooming services and promotions and encouraging Plaintiff to visit Groomit's website to purchase its services or invest in the company (e.g., "This Father's Day, don't leave your pup out- give them a fresh groom & love they deserve. Get $15 off with DADLOVE15. groomit.me/s0sbab - - Reply STOP to OptOut"; "Big news, Sirena! Now you can own Groomit and save too. Invest $500+ - get 50% off your first groom. Invest $1000+ - get 50% off + 25% back in gift certificates. Join the community that grooms and grows together. Groomit.me/s0tzab - - Reply STOP to OptOut").

4. This action seeks to certify the following two classes:

**Internal Do Not Call List Class**: All persons within the United States who from four years prior to the filing of this action (1) received two or more text messages from Groomit or anyone acting on Groomit's behalf, (2) within any 12-month period, (3) for the purpose of selling Groomit's products and/or services, and (4) including at least one of those text messages being placed more than 30 days after such person requested that Groomit stop texting.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

## JURISDICTION

5. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1331 as this action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and 47 C.F.R. § 64.1200.

6. The Court has personal jurisdiction over Defendant and the venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant is a New York business entity with a principal place of business in this District.

## PARTIES

7. Plaintiff is an adult individual residing in Phoenix, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39). Plaintiff's only residence is located in Arizona; she does not own property in another state and she has no present intention of moving to another state. In addition, her driver's license was issued by the state of Arizona and she is registered to vote in Arizona.

8. Defendant Groomit For Pets, LLC, is a New York business entity with a principal place of business at 1091 Yonkers Ave, Yonkers, New York 10704, and is a "person" as defined by 47 U.S.C. § 153(39).

## OVERVIEW OF THE TCPA

9. Enacted in 1991, at 47 U.S.C. § 227, *et seq*., "Senator Ernest Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991)." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1256 (11th Cir. 2014).

10. "Unrestricted telemarketing," Congress later determined, "can be an intrusive invasion of privacy." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

11. "Congress determined [this] federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Id.*

12. In part, the TCPA prohibits "initiat[ing] any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity[.]" 47 C.F.R. § 64.1200(d). The procedures instituted must meet certain minimum standards, including, but not limited to: (1) having a written policy, available on demand,

for maintaining a do-no-call list; (2) informing and training personnel engaged in any aspect of telemarketing on the existence and use of the do-not-call list; (3) recording and honoring do-not-call requests; (4) identifying the caller and person or entity on whose behalf the telemarketing call is being made; (5) applying the do-not-call request to the particular business entity making the call or on whose behalf the call is made; (6) maintaining a record of requests not to receive further telemarketing calls and honoring such for at least five years from the time the request is made. 47 C.F.R. § 64.1200(d).

13. The above requirements are applicable to any person or entity making telephone solicitations or telemarketing calls or text messages to wireless telephone numbers. 47 C.F.R. § 64.1200(e); *see also In re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14014, 14115 (2003) (the FCC has recognized that the TCPA and implementing regulations apply to "both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls[.]"); *Hudson v. Palm Beach Tan, Inc.,* 2024 WL 4190513, at *6 (M.D.N.C. Aug. 12, 2024), *report and recommendation adopted,* 2024 WL 4188310 (M.D.N.C. Sept. 13, 2024) ("the weight of the case law supports the conclusion that the receipt of text messages can establish an injury under § 227(c)(5).") (collecting cases).

14. To constitute telemarketing, a text message must be "for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R.§ 64.1200(f)(12).

15. The term "telephone solicitation" means "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, but such term does not include a call or message (A) to any person with that person's prior express invitation or permission, (B) to any

person with whom the caller has an established business relationship, or (C) by a tax exempt nonprofit organization." 47 U.S.C. § 227(a)(4).

16. The FCC—which develops the rules and regulations implementing the TCPA—has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violation." *In re Rules and Regulations Implementing the TCPA*, 10 FCC Rcd. 12391, at ⁋13 (1995).

17. The FCC has "repeatedly acknowledged the existence of vicarious liability under the TCPA." *Gomez v. Campbell-Ewald Co*., 768 F.3d 871, 878 (9th Cir. 2014) (citing *In re Joint Petition Filed by DISH Network, LLC et al, for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574 (2013) ("FCC 2013 Ruling")). In addition to formal agency, principles of apparent authority and ratification may also provide a basis for vicarious seller liability for TCPA violations. *FCC 2013 Ruling*, 28 FCC Rcd. at 6548 ⁋28.

18. The FCC has specifically ruled that a consumer's prior express consent to receive future text messages may be revoked. *In the Matter of Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 15391, 15391 (2012) ("*In re SoundBite Communications, Inc*.").

**THE NATIONAL DO-NOT-CALL REGISTRY**

19. The National Do-Not-Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

20. A listing on the Do-Not-Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

21. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Do-Not-Call Registry and provides a private right of action against any entity that initiated more than one such telephone solicitation within any 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

22. In addition, the TCPA and implementing regulations prohibit the initiation of any call for telemarketing purposes to a residential telephone subscriber where the caller does not, *inter alia,* "honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made." 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(d)(3).

23. Telephone solicitations under 47 C.F.R. § 64.1200(c)(2) include text messages and "a cell phone is presumptively residential." *Chennette v. Porch.com, Inc.*, 50 F.4th 1217, 1225 (9th Cir. 2022). *See* 47 C.F.R. § 64.1200(e) ("The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers"); *Hudson v. Palm Beach Tan, Inc.*, 2024 WL 4190513, at *3 (M.D.N.C. Aug. 12, 2024), *report and recommendation adopted,* 2024 WL 4188310 (M.D.N.C. Sept. 13, 2024) ( "the vast majority of recent cases that have considered this issue . . . have found that a cell phone may plausibly be alleged in a complaint to be residential, and thus covered by the TCPA").

**<u>PLAINTIFF'S FACTUAL ALLEGATIONS</u>**

24. Plaintiff registered her residential cellular telephone number, 480-XXX-0614 (the "0614 Number") with the National Do-Not-Call Registry on August 25, 2018.

25. At all relevant times, Plaintiff used the 0614 Number for personal and residential purposes.

26. Plaintiff has never done any business with Groomit, has never solicited communications from Groomit and never provided her 0614 Number to Groomit.

27. Nonetheless, in or around May 2024 Groomit began sending telemarketing text messages to Plaintiff's 0614 Number. As depicted in the screenshots below, Groomit's text messages encourage Plaintiff to visit Groomit's website to purchase Groomit's services and invest in Groomit. *See, e.g.*:







3:48
66
4
+1 (315) 975-6671
Wed, Jun 11 at 11:21 AM
This Father's Day, don't leave your pup out- give them a fresh groom & love they deserve. Get $15 off with DADLOVE15. groomit.me/s0sbab - - Reply STOP to OptOut


3:48
66
4
+1 (315) 975-6671
Tue, Jul 8 at 3:23 PM
Hi Sirena, thanks for registering with Groomit! You get 24 hour early access to invest before we go public. Perks include up to 50% back in Groomit gift certificates + a chance to own a piece of Groomit. Spots will go fast! groomit.me/s0ktab - - Reply STOP to OptOut


3:49
66
4
+1 (315) 975-6671
Fri, Jul 11 at 2:43 PM
Big news, Sirena! Now you can own Groomit and save too. Invest $500+ - get 50% off your first groom. Invest $1000+ - get 50% off + 25% back in gift certificates. Join the community that grooms and grows together. groomit.me/s0tzab - - Reply STOP to OptOut

28. On May 22, 2024, Plaintiff messaged Groomit "Stop." Groomit confirmed receipt of the message and responded "Unsubscribed. You'll no longer receive marketing messages." However, Groomit ultimately ignored Plaintiff's stop request and sent subsequent telemarketing messages to the 0614 Number including on June 11, 2025, July 8, 2025 and July 11, 2025.

29. By asking Groomit to stop contacting her, Plaintiff terminated any established business relationship that could have existed between the Parties. Indeed, a "subscriber's seller-specific do-not-call request . . . terminates an established business relationship for purposes of telemarketing and telephone solicitation even if the subscriber continues to do business with the seller." 47 C.F.R. § 64.1200(f)(5)(i).

30. None of Defendant's messages to Plaintiff's were for an emergency purpose.

31. Plaintiff was damaged by Defendant's unconsented text messages. In addition to using Plaintiff's telephone data, phone storage, and battery life, Plaintiff's privacy was wrongfully invaded, and Plaintiff has become understandably aggravated with having to deal with the frustration of repeated, unwanted text messages, forcing Plaintiff to divert attention away from other activities.

## CLASS ACTION ALLEGATIONS

### A. The Class

32. Plaintiff brings this case as a class action on behalf of herself and all others similarly situated.

33. Plaintiff represents, and is a member of the following classes (the "Internal Do Not Call List Class" and the "Do Not Call Registry Class" (collectively the "Classes")):

> **Internal Do Not Call List Class**: All persons within the United States who from four years prior to the filing of this action (1) received two or more text messages from Groomit or anyone acting on Groomit's behalf, (2) within any 12-month period, (3) for the purpose of selling Groomit's products and/or services, and (4)

including at least one of those text messages being placed more than 30 days after such person requested that Groomit stop texting.

**Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) were sent text messages by or on behalf of Defendant; (2) more than one time within any 12-month period; (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of encouraging the purchase or rental of Defendant's products and/or services; and (5) where either (a) Defendant did not obtain prior express written consent to message the person or (b) the called person previously advised Defendant to "STOP" messaging them.

34. Defendant and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the classes but believe the class members number in the thousands, if not more. Thus, this matter should be certified as a class action to assist in the expeditious litigation of this matter.

**B. <u>Numerosity</u>**

35. Upon information and belief, Defendant placed telemarketing and solicitation messages to telephone numbers belonging to thousands of persons throughout the United States where it lacked prior express written consent to place such messages and/or such persons had previously asked Defendant to cease messaging them. The members of the Classes, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

**C. <u>Common Questions of Law and Fact</u>**

37. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. These questions include:

a. Whether Groomit's messages constitute "telephone solicitations" or

"telemarketing" under the TCPA;

b. Whether Defendant can meet its burden of showing it obtained prior written consent to place each telemarketing message;

c. Whether the messages made to Plaintiff and Class Members violate the Do-Not-Call Registry rules and regulations;

d. Whether Groomit continued to send telemarketing text messages after being asked to stop;

e. Whether Groomit maintains an internal do-not-call list and instructs its employees on how to use the list;

f. Whether Groomit had any processes or protocols in place to stop texts to persons who asked that the messages stop;

g. Whether Groomit had the required policies and procedures in place to honor do-not-call requests;

h. Whether Groomit routinely honors such requests;

i. Whether Groomit engaged in abusive telemarketing practices;

j. Whether Groomit's conduct was knowing and/or willful;

k. Whether Defendant is liable for damages, and the amount of such damages; and

l. Whether Defendant should be enjoined from such conduct in the future.

38. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely placed telemarketing text messages telephone numbers registered on the National Do-Not-Call Registry, and/or over requests to stop the messages, is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**D. <u>Typicality</u>**

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**E. <u>Protecting the Interests of the Class Members</u>**

40. Plaintiff will fairly and adequately protect the interests of the Class and has retained counsel experienced in handling class actions and claims involving unlawful business practices, and specifically claims under the TCPA. Neither Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this action.

**F. <u>Proceeding Via Class Action is Superior and Advisable</u>**

41. A class action is the superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecutions of separate claims against Defendant is small because it is not economically feasible for Class members to bring individual actions.

## COUNT I
## VIOLATIONS OF THE TCPA
## (47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))
## On Behalf of the Do Not Call Registry Class

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Plaintiff brings this claim on behalf of herself and the Do Not Call Registry Class.

44. 47 C.F.R. § 64.1200(c)(2) provides that "No person or entity shall initiate any telephone solicitation to . . . (2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-

call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator."

45. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

46. Defendant initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

47. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(c)(2) by Defendant.

48. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

49. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

50. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;
- Defendant initiated more than one telephone solicitation text call to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times; and

**COUNT II**
**WILLFUL VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(c)(2))**
**On Behalf of the Do Not Call Registry Class**

51. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

52. Plaintiff brings this claim on behalf of herself and the Do Not Call Registry Class.

53. Defendant is fully aware at all relevant times that the telephone numbers it sends telephone solicitations to are registered on the National Do-Not-Call Registry. Nonetheless, Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period even though Plaintiff and other class members' telephone numbers were registered on the National Do-Not-Call Registry at all relevant times.

54. Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

55. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

56. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

57. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully initiated more than one telephone solicitation text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period despite the fact that Plaintiff and other class members'

telephone numbers were registered on the National Do-Not-Call Registry at all relevant times;

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

**COUNT III**
**VIOLATIONS OF THE TCPA**
**(47 U.S.C. § 227, et seq. and 47 C.F.R. § 64.1200(d)(3))**
**On Behalf of the Internal Do Not Call List Class**

58. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59. Plaintiff brings this claim on behalf of herself and the Internal Do Not Call List Class.

60. 47 C.F.R. § 64.1200(d)(3) provides that "No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards: . . . Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made."

61. The TCPA provides a private right of action to "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations . . . ." 47 U.S.C. § 227(c)(5).

62. Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

63. Each of the aforementioned messages by Defendant constitutes a violation of the TCPA and 47 C.F.R. § 64.1200(d)(3) by Defendant.

64. Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each text message sent in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(B).

65. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

66. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant violated the TCPA; and
- Defendant initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

**<u>COUNT IV</u>**
**<u>Willful Violations of the Telephone Consumer Protection Act,</u>**
**<u>(47 U.S.C. § 227, *et seq.* and 47 C.F.R. § 64.1200(d)(3))</u>**
**<u>On Behalf of the Internal Do Not Call List Class</u>**

67. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

68. Plaintiff bring this claim on behalf of herself and the Internal Do Not Call List Class.

69. Defendant deliberately failed to honor "Stop" requests. Accordingly, Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made.

70. Each of the aforementioned messages by Defendant constitutes a knowing and willful violation of the TCPA.

71. Plaintiff and the Class are entitled to an award of up to $1,500.00 in statutory damages for each message sent in knowing and willful violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5)(C).

72. Additionally, Plaintiff and the Class are entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

73. Further, Plaintiff and the Class are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;
- Defendant knowingly and/or willfully initiated more than one telephone telemarketing text message to telephone numbers belonging to Plaintiff and

members of the Class within a 12-month period where the telephone subscriber had previously made a do-not-call request to Defendant, and Defendant failed to honor the do-not-call request within a reasonable period of time from the date the request was made; and

- It is Defendant's practice and history to place telephone solicitations and telemarketing messages to persons whose telephone numbers are registered on the National Do-Not-Call Registry and to persons who had previously made a do-not-call request to Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendant as follows:

A. An order certifying this case as a class action on behalf of the Classes as defined above, and appointing Plaintiff as the representative of the Classes and Plaintiff's counsel as Class Counsel;

B. Injunctive relief prohibiting such violation of the TCPA by Defendant in the future;

C. Statutory damages of $500.00 for each and every text message in violation of the TCPA;

D. Treble damages of up to $1,5000.00 for each and every text message in willful and/or knowing violation of the TCPA;

E. An injunction requiring Groomit to comply with 47 C.F.R. § 64.1200(d) by

    1) maintaining the required written policies;
    2) providing training to their personnel engaged in telemarketing;
    3) maintaining a do-not-call list;
    4) and such further and other relief as the Court deems necessary.

F. An award of attorneys' fees and costs to counsel for Plaintiff and the Classes; and

G. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 11, 2025

Respectfully submitted,

By *<u>/s/ Sergei Lemberg</u>*

Sergei Lemberg
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
*Attorneys for Plaintiff*